UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:24-cv-81583-DMM

FAZILATUN ZILANI,

    Plaintiff,

vs.

THE DISTRICT BOARD OF
TRUSTEES OF PALM BEACH
STATE COLLEGE, FLORIDA,

    Defendant.

_____/

## AMENDED COMPLAINT

The Plaintiff, **FAZILATUN ZILANI** (hereinafter "Plaintiff" or "**ZILANI**"), by and through the undersigned counsel, hereby sues Defendant, **THE DISTRICT BOARD OF TRUSTEES OF PALM BEACH STATE COLLEGE, FLORIDA** (hereinafter "Defendant" or "**PBSC**"), and in support states as follows:

### JURISDICTION AND VENUE

1. This is an action by the Plaintiff for damages exceeding $50,000, excluding attorney fees or costs, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 ("Title VII"), the Florida Civil Rights Act of 1992, and Florida Statutes, Chapter 760, *et seq*. ("FCRA"), and national origin based discriminatory treatment of Plaintiff ZILANI.  This complaint intends to

    redress injuries resulting from but not limited to Defendants unlawful violation of multiple federal and state laws and for retaliation.

2. This action also seeks damages as a result of discrimination and retaliation predicated on the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. Plaintiff was at all times relevant to this action, working for Defendant in Putnam County Florida, within the jurisdiction of this Honorable Court. Plaintiff is covered employee for purposes of the FMLA.

3. This Court has jurisdiction of the claims herein pursuant to the FCRA and the Title VII.

4. Defendant is a covered employer with more than 15 employees as is required by the FCRA and is a covered employer under the ADA and subject to §1981.

5. Defendant employs fifty (50) or more employees within a seventy-five (75) mile radius for each working day during each of the twenty (20) or more calendar work weeks in the relevant calendar years. Defendant is a covered employer for purposes of the FMLA.

6. Prior to seeking to enforce her FMLA rights and after giving about 2 months notice of a need to leave, Plaintiff had been employed by Defendant for at least twelve (12) months, and she had worked at least 1,250 hours during those twelve (12) months. Plaintiff is a covered employee for purposes of the FMLA. Plaintiff was also entitled to take FMLA leave.

7. The venue of this action is properly placed in Palm Beach County because the Defendant operates a business where plaintiff worked in at 44200 Congress

Avenue, Lake Worth, FL 33461, Palm Beach County, within the jurisdiction of this Honorable Court.

8. The Defendant is a government entity authorized to conduct business in the State of Florida as a political subdivision of the state of Florida through the district board of trustees of Palm Beach State College.

9. Defendant is a covered employer pursuant to Florida Statutes § 760.02(7) as Defendant is and was employing 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

10. Plaintiff is a covered employee for purposes of the Florida Civil Rights Act.

11. Defendant is alleged to have engaged in an unlawful employment practice pursuant to Florida Law and the FCRA, §760.10 et sec.

12. Plaintiff filed a timely US EEOC Charge of Discrimination, adopted and incorporated herein, with the EEOC and concurrently with the Florida Commission on Human Relations on March 14, 2023. *See Exhibit A*.

13. Plaintiff filed a timely Amended EEOC Charge of Discrimination, adopted and incorporated herein, with the EEOC and concurrently with the Florida Commission on Human Relations on August 21, 2024. *See Exhibit B*.

14. Plaintiff was issued a Notice of Right to due on August 21, 2024, signed by Director Evangeline Hawthorne and copied to Defendant. *See Exhibit C*.

15. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

16. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## ALLEGATIONS COMMON TO ALL CLAIMS

17. Plaintiff began working for Defendant in approximately October 2015.

18. Plaintiff earned $17.94 per hour for 40 hours per week.

19. Plaintiff was terminated on June 22, 2023.

20. Plaintiff worked as a Purchasing Card Specialist in the Finance Treasury Payables and Disbursement Department where she would reconcile card charges, assist with ordering and distribution and engage in other activities.

21. Discrimination began in October of 2022 based on her multiple protected statuses.

22. Plaintiff's supervisor was Denton Sotareaksa.

23. Plaintiff requested to be moved away from Denton in June of 2023 and was told that could not be done and as such, Plaintiff was terminated due to the discriminatory and retaliatory behavior of Mrs. Denton.

24. Plaintiff filed a timely charge of discrimination with the EEOC, 15M-2023-00036 and received her Notice of Right to Sue on August 21, 2024.

25. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## ALLEGATIONS AS TO NATIONAL ORIGIN CLAIM

26. Plaintiff is a disabled Bangladeshi Muslim Female and as such, part of a protected class of national origin under the FCRA.

27. Plaintiff learned in October 2022 that Denton had already lined someone up to replace Plaintiff. This person was Amelia Lidio, a non-Bangladeshi. Plaintiff was later replaced by Amelia after her termination.

28. In approximately November 2022, Denton announced to all staff at a work-related party that Plaintiff could not eat certain foods because she was Muslim. This comment was made in a derogatory manner to embarrass and single out plaintiff.

29. Plaintiff would be treated less favorably than non-Banglashi employees. These employees included Ashley Long (Jamacian), Anna Scenario (Cuban), Kataya LNU (Belizean). Each of these employees worked in the same department as Plaintiff.

30. When Plaintiff went to the restroom Plaintiff was questioned by Denton about where she went and how long she took. The above referenced employees were never questioned by Denton regarding their bathroom usage. When Plaintiff had doctors' appointments, Plaintiff was always required to provide a doctor's note to Denton. The above referenced employees were never required to provide doctor's notes to Denton. When Plaintiff would take lunch, Denton would always question her about where she was going and how long she would be gone. Denton would never question the above referenced employees about where they were going for lunch and how long they would be gone for.

31. Plaintiff was qualified for her job as she never received a write up nor any other disciplinary actions.

## ALLEGATIONS AS TO FMLA CLAIM

32. Plaintiff applied for FMLA leave in approximately November 2022.

33. After Plaintiff applied for FMLA leave, Denton called Plaintiff to ask how long she would need to take leave. Denton then stated that Plaintiff should have spoken to her first before applying for leave. Denton asked if Plaintiff would take the whole 3 months or come back before then. Plaintiff informed Denton that she might have to be away for a couple months. Denton then asked her only to take 2 weeks off, in which Plaintiff said that would be unlikely if she was approved for 3 months.

34. In approximately late November 2022, Plaintiff had been approved for 3 days leave for Thanksgiving break, due to childcare arrangements. After Plaintiff requested FMLA, Denton retracted Plaintiff's approved time off and denied Plaintiff remote work for that time. Plaintiff complained to Denton that other employees, including Ashley Long was granted Thanksgiving off. Plaintiff further complained that Anna Scenerio and Kataya LNU were required to work Thanksgiving week but were at least given the option to work remotely.

35. Plaintiff then made an oral complaint to Jadeen Notice, Denton's supervisor. Jadeen told Denton, that Plaintiff would be granted her request to work remote during those three days.

36. On December 1, 2022, Plaintiff was approved for FMLA leave to travel to Bangladesh to care for her father after a kidney transplant to occur a few months later.

37. On December 6, 22022, Plaintiff complained of discrimination to Christine Belyeu in human resources. Plaintiff called Belyeu and told her that Denton had changed her schedule immediately after being approved for FMLA. Belyeu told Plaintiff that when she returned from FMLA that she would have to comply with the new schedule, as Denton had the right to change her schedule after being approved for FMLA.

38. Denton had changed Plaintiff's schedule from 8am-4:30 pm Thurs and Fri remote, 8am-4:30pm Monday, Tuesday, and Wednesday on campus with a 30minute lunch break to 8:30-6pm Monday-Friday on campus with a 1 hour lunch.

39. Plaintiff then requested to file a complaint against Denton. Plaintiff did so through email to Belyeu.

40. This was approved by Vivian Fu and later that day Mrs. Denton, in direct retaliation for Plaintiff using FMLA and in furtherance of her discriminatory behavior based on Plaintiff's race, National Origin, Color, Disability Status and Religion, immediately revoked Plaintiff's hybrid work schedule accommodation and required Plaintiff to come into the office full time.

41. In retaliation for Plaintiff's complaints to HR about Denton, Denton, on December 20, 2022 gave plaintiff an "Unsatisfactory Performance" rating at the College's annual Appraisal and indicated that Plaintiff would not be recommended for

further employment. This was done in a way to avoid Plaintiff learning of it as this was when the FMLA period began and Plaintiff was on a plane to care for her Father.

42. After returning in February of 2023, Plaintiff was blocked from accessing all software except Workday. Plaintiff saw in the system that she had been terminated in the system. Plaintiff reached out to Belyeu who informed her that it was a mistake and would be fixed. This was never fixed. Plaintiff was required to use her personal email for work-related actions until her termination in June 2023.

43. On or about March 1, 2203, Plaintiff made a complaint to Belyeu of discriminatory conduct, disparate treatment, harassment, and hostile work environment based on her race, color, ethnicity, national origin, and genetic information. Plaintiff specifically complained of Denton's actions as receiving a low performance evaluation score, a schedule change after her FMLA request was approved, and disparate treatment though micro-managing and monitoring.

44. In approximately early March 2023, Plaintiff complained to Belyeu that she was still clocked form accessing all software except Workday. Belyeu told Plaintiff that she would investigate the situation.

45. On or about March 15, 2023, Plaintiff requested an extension of FMLA leave due to a surgery she was having due to an ovarian cyst. This request was granted for 100 days.

46. On or about June 22, 2023, Plaintiff was terminated by Christine Belyeu and Olidmy Jujeodoam through a phone call.

47. On or about July 3, 2023, Plaintiff was sent a Final Investigative Summary regarding inability to access software.

## COUNT I
*National Origin Discrimination in Violation of Title VII*

49. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-48 above as if set out in full herein.

50. Plaintiff is a member of a protected class under Title VII as a Bangladeshi woman.

51. By the conduct describe above, Defendants have engaged in discrimination against Plaintiff because of Plaintiff's national origin and subjected the Plaintiff to national origin-based animosity.

52. Such discrimination was based upon the Plaintiff's national origin in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Bangladeshi.

53. Defendants' conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendants and their supervisory personnel were aware that discrimination on the basis of national origin was unlawful but acted in reckless disregard of the law.

54. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendants.

55. Defendants retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

56. As a result of Defendants' actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

57. The conduct of Defendants, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

58. The actions of the Defendants and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and federal law, to punish the Defendants for their actions and to deter them, and others, from such action in the future.

59. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendants' discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendants:

    a. Adjudge and decree that Defendants have violated Title VII, and have done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendants pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendants and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendants to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendants, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
*National Origin Discrimination Under The FCRA*

60. Plaintiff reasserts her allegations in paragraph 1-48 as if fully set forth herein.

61. Section 760.10 of the FCRA states in relevant part:

"(1) It is an unlawful employment practice for an employer:

(a) To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

62. The FCRA accordingly prohibits discrimination based on National Origin.

63. The treatment to which Plaintiff was subjected by Defendant as set forth above and incorporated herein, was the result of Plaintiff's national origin, plaintiff is

from Bangladesh, which individuals outside Plaintiff's class were not and would not have been subjected, in violation of the FCRA.

64. Defendant's alleged bases for its adverse conduct against Plaintiff and Plaintiff's termination are pretextual and asserted only to cover up the discriminatory nature of its conduct.

65. Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff and Plaintiff's termination, which reasons it does not have, Plaintiff's National Origin was a significant motivating factor for Defendant's adverse conduct toward Plaintiff and Plaintiff's termination.

66. As a result of Defendant's willful and malicious discriminatory actions as a result of her National Origin, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages in the form of back pay and front pay, interest, lost benefits, and compensatory damages.

67. Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious discriminatory conduct.

68. Plaintiff further seeks her attorney's fees and costs as permitted by law.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court:

g. Enter judgment for Plaintiff and against the Defendant on the basis of Defendant's willful violations of the FCRA; and

    h. Award Plaintiff compensatory damages including front pay, back pay, and lost benefits; and

    i. Award Plaintiff as to this count prejudgment interest; and

    j. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

    k. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages.

## COUNT III
### *Retaliation Under the FMLA*

69. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-48 above as if set out in full herein.

70. Plaintiff is an individual entitled to protection under the FMLA.

71. Plaintiff is an employee of Defendant within the meaning of the FMLA.

72. Plaintiff and/or an individual closely associated with Plaintiff engaged in protected activity within the meaning of the FMLA.

73. Defendant retaliated against Plaintiff for exercising rights protected under the FMLA and fired her while she was on FMLA failing to keep her job safe.

74. Defendant's actions constitute a violation of the FMLA.

75. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    l. Adjudge and decree that Defendant has violated the FMLA and has done

so willfully, intentionally and with reckless disregard for Plaintiff's rights;

m. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

n. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

o. Require Defendant to reinstate Plaintiff to her position at the rate of pay and with the full benefits she would have, had she not been discriminated against by Defendant, or in lieu of reinstatement, award her front pay;

p. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

q. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on each of her above claims.

Date:  April 21, 2025                               Respectfully submitted,

*/s/ Jewell Gentry-Mickelson*
Jewell Gentry-Mickelson, Esq.
Florida Bar No.: 1058041
**Daniel H. Hunt, Esq.**
Florida Bar No. 121247
P.O. BOX 565096
Miami, FL 33256
jewell@themiamishark.com

dhuntlaw@gmail.com
Telephone: (305) 495-5593

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 21th day of April 2025, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Jewell Gentry-Mickelson*
Jewell Gentry-Mickelson, Esq.
Florida Bar No. 1058041

## SERVICE LIST

Suzanne A. Singer, Esq.
Florida Bar No. 0946222
**RUMBERGER, KIRK, & CADWELL**
Brickell City Tower, Suite 300
80 S. W. 8th Street
Miami, FL 33101
ssinger@rumberger.com
docketingmiami@ruberger.com
ssingersecy@rumberger.com
Phone: (305) 358-5577

Kayla E. Platt Rady, Esq.
Florida Bar No. 0117896
**RUMBERGER, KIRK, & CADWELL**
101 North Monroe Street, Suite 1050
Tallahassee, FL 32301
krady@rumberger.com
Phone: (850) 222-6550
Fax: (850) 222-8783

*Attorneys for Defendant*